```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

JUAN ACEVEDO,                          :

                Petitioner,    :    10 Civ. 5285 (WHP)(HBP)

    -against-                  :    OPINION
                                    AND ORDER
JOHN B. LEMPKE,                        :

                Respondent.    :

-----------------------------------X
```

   PITMAN, United States Magistrate Judge:

   By notice of motion dated October 14, 2010 (Docket Item 5), petitioner seeks an Order granting his "motion to stay/amend further proceeding[s] on the petition for a writ of habeas corpus pending further exhaustion of new claims in state court." For the reasons set forth below, the motion is denied without prejudice to renewal.

   Petitioner was convicted in New York State Supreme Court, Bronx County, on July 5, 2007 of one count of murder in the second degree, in violation of New York Penal Law Section 125.25(1), and sentenced to an indeterminate term of imprisonment of 22 years to life (Petition, dated May 1, 2010 (Docket Item 1)("Petition") at 1). His conviction was affirmed by the Appellate Division of the Supreme Court for the First Department on November 20, 2008. People v. Acevedo, 56 A.D.3d 341, 867

N.Y.S.2d 430 (1st Dep't 2008). The New York Court of Appeals denied leave to appeal on April 20, 2009. People v. Acevedo, 12 N.Y.3d 813, 908 N.E.2d 929, 881 N.Y.S.2d 21 (2009). His habeas corpus petition was signed on May 1, 2010, and I shall assume it was delivered to prison officials for mailing on that date. The petition raises only one claim -- that the Trial Court erred by not instructing the jury on the partial defense of extreme emotional distress (Petition at 4).

I understand petitioner's present motion to be seeking a stay of consideration of the single claim in his petition while he exhausts claims in the New York State Courts that (1) his appellate counsel was ineffective for failing to assert claims based on (a) petitioner's being handcuffed during voir dire and trial and (b) the Trial Court's alleged error in responding to the jury's notes; (2) his trial counsel was ineffective for stipulating to the admission of a police report, (3) the admission of certain evidence constituted reversible error, and (4) his rights under the Confrontation Clause were violated. Petitioner has annexed to his motion a copy of a motion for a writ of error coram nobis raising his claims of ineffective assistance of appellate counsel claims; this motion is dated October 5, 2010, and I shall assume it was filed on that date. Petitioner has also annexed to his motion a motion pursuant to New York Crim.

Case 1:10-cv-05285-PAE-HBP   Document 8   Filed 07/01/11   Page 3 of 5

Proc. L. § 440.10 asserting his claims that his trial counsel was ineffective for stipulating to the admission of a police report, the admission of certain evidence constituted reversible error and his rights under the Confrontation Clause were violated; this motion is dated October 10, 2010, and I shall assume that it was filed on that date.

Although both the Court of Appeals for the Second Circuit and the United States Supreme Court have confirmed that a district court has the power to stay consideration of a state prisoner's petition for a writ of habeas corpus in order to permit the prisoner to exhaust his unexhausted claims, <u>Rhines v. Webber</u>, 544 U.S. 269 (2005); <u>Zarvela v. Artuz</u>, 254 F.3d 374 (2d Cir. 2001), the granting of such stay is not, however, a matter of course.

> [S]tay and abeyance should be available only in limited circumstances.  Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.  Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.  Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

3

Rhines v. Weber, supra, 544 U.S. at 277.  The Court in Rhines did not define "good cause," nor has the Court of Appeals for the Second Circuit.  Taylor v. Poole, 07 Civ. 6318 (RJH)(GWG), 2009 WL 2634724 at *30-*31 (S.D.N.Y. Aug. 27, 2009).

> [M]ost courts have deemed [the good cause element] to require that the petitioner show that 'some factor external to the petitioner gave rise' to his failure to assert the claims in state court . . . .  Other courts have looked to the Supreme Court's analysis in Pace v. DiGuglielmo, 544 U.S. 408 (2005), in which the Court noted in dictum that 'reasonable confusion normally will constitute good cause,' id. at 416, and have suggested that this implied a somewhat more lenient definition of good cause.

Williams v. Marshall, 09 Civ. 7411 (RMB)(MHD), 2011 WL 1334849 at *2 (S.D.N.Y. Mar. 30, 2011), quoting Whitely v. Ercole, 509 F. Supp. 2d 410, 417 (S.D.N.Y. 2007) (other citations omitted).

Regardless of which standard is used to measure good cause, however, petitioner does not meet that standard here.  He offers no explanation whatsoever for the eighteen-month gap between the completion of his state appeals and the filing of his state collateral attacks.  Where, as here, a habeas petitioner offers no explanation for the delay in attempting to exhaust unexhausted claims, courts have routinely denied applications to stay consideration of a habeas corpus petition.  Harris v. Conway, 07-CV-6504 (VEB), 2011 WL 1527260 at *3 (W.D.N.Y. Apr. 20, 2011); Ortiz v. Heath, 10-CV-1492 (KAM), 2011 WL 1331509 at

*15 (E.D.N.Y. Apr. 6, 2011); <u>Spurgeon v. Lee</u>, 11-CV-00600 (KAM), 2011 WL 1303315 at *3 (E.D.N.Y. Mar. 31, 2011); <u>Diaz v. Graham</u>, CV-07-5379 (SJF), 2011 WL 1303924 at *2 (E.D.N.Y. Mar. 31, 2011); <u>Williams v. Marshall</u>, supra, 2011 WL 1334849 at *2.

Accordingly, for all the foregoing reasons, petitioner's motion to "to stay/amend further proceeding[s]" (Docket Item 5) is denied without prejudice to renewal. Any renewed application should explain the reasons for petitioner's delay in commencing his state collateral attack and demonstrate that the proposed new claims have merit.

Dated: New York, New York
July 1, 2011

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

Copy mailed to:

Mr. Juan Acevedo
DIN 07-A-4048
Five Points Correctional Facility
6600 State Road 96
Caller Box 119
Romulus, New York 14541