UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                            :
JUAN ACEVEDO,                                               :
                                                            :
                                         Petitioner,        :
                          -v-                               :
                                                            :
JOHN B. LEMPKE,                                             :
                                                            :
                                         Respondent.        :
                                                            :
------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/17/14

10 Civ. 5285 (PAE) (HBP)

OPINION AND ORDER

PAUL A. ENGELMAYER, District Judge:

Petitioner Juan Acevedo seeks a stay in order to exhaust certain claims that he wishes to

add to his habeas petition, which this Court has already dismissed. He also seeks a Certificate of

Appealability concerning a denial of a prior request for a stay. For the reasons that follow,

Acevedo's requests are denied.

I.    Background

On July 5, 2007, Acevedo was convicted of second-degree murder by a jury in the

Supreme Court of the State of New York, Bronx County, for killing a man who had become

romantically involved with Acevedo's ex-girlfriend. Acevedo was sentenced to a term of

imprisonment of 22 years to life, which he is currently serving. On November 20, 2008, the

Appellate Division, First Department affirmed Acevedo's conviction. The New York Court of

Appeals later denied Acevedo leave to appeal.

On July 12, 2010, Acevedo filed this *pro se* petition for a writ of habeas corpus, pursuant

to 28 U.S.C. § 2254. Dkt. 1. On August 12, 2010, this action was referred to Magistrate Judge

Henry B. Pitman for the preparation of a Report and Recommendation pursuant to 28 U.S.C.

§ 636(b)(1). Dkt. 4. On October 14, 2010, Acevedo moved to (1) stay his petition while he

exhausted certain claims in state court and (2) amend his petition to add those claims.  Dkt. 5.

On July 1, 2011, Magistrate Judge Pitman denied Acevedo's motion to stay and amend.  Dkt. 8.

Relevant here, on July 19, 2011, Acevedo renewed his motion to stay and amend.  Dkt. 10.

Acevedo sought to stay consideration of his habeas petition while he exhausted four additional

claims, namely that (1) appellate counsel was ineffective for failing to argue that

(a) Acevedo was denied due process because he was handcuffed during jury selection and trial,

and (b) the trial court violated New York Criminal Procedure Law Section 310.30 in responding

to two notes from the jury; (2) trial counsel was ineffective for stipulating to the testimony of a

single witness; (3) the evidence against Acevedo was insufficient to sustain the conviction, and

(4) the admission of certain DNA evidence without the testimony of the individuals who

performed the actual analysis violated Acevedo's Sixth Amendment rights.

On February 3, 2012, Judge Pitman issued a detailed opinion denying Acevedo's second

motion to stay and amend.  Dkt. 16.  Judge Pitman explained that the first three claims plainly

lacked merit, such that a stay would be futile, and that Acevedo had failed to show good cause

for his delay in asserting the fourth.  *See Rhines v. Weber*, 544 U.S. 269, 277 (2005) ("Because

granting a stay effectively excuses a petitioner's failure to present his claims first to the state

courts, stay and abeyance is only appropriate when the district court determines there was good

cause for the petitioner's failure to exhaust his claims first in state court.").

On February 28, 2012, Acevedo sought a Certificate of Appealability with respect to

Judge Pitman's Order dated February 3, 2012 denying his motion to stay and amend.  Dkt. 17.

On October 24, 2013, Magistrate Judge Pitman issued two Reports and

Recommendations to this Court.  The first recommended dismissing Acevedo's habeas petition.

Dkt. 22 ("Habeas Report").  The second recommended denying Acevedo's application for a

Certificate of Appealability.  Dkt. 23 ("Appealability Report") (collectively, the "Reports").

In the Appealability Report, Judge Pitman explained that "'the standard for issuing the

Certificate of Appealability is whether jurists of reason would find it debatable whether the

petition states a valid claim.'"  Appealability Report at 4 (quoting *Richardson v. Greene*, 497

F.3d 212, 217 (2d Cir. 2007)).  He concluded that the first three claims Acevedo sought to raise

were patently without merit, and that no reasonable jurist would find their merit debatable.  *Id.* at

5.  As to the fourth claim, regarding DNA testimony, Judge Pitman observed that, at the time of

his February 3, 2012 decision denying the second motion to stay, the state trial court had—in

response to a motion by Acevedo to vacate the judgment under  § 440 of the New York Criminal

Procedure Law—rejected the DNA testimony claim on the merits while suggesting, without

expressly holding, that the motion was also procedurally barred.  *See id.* at 6–7.  As a result,

Judge Pitman's February 3, 2012 decision rejected the DNA testimony claim on good cause

grounds, but did not reach the issue of whether it was procedurally barred.  Since then, Acevedo

had moved for reconsideration of the state trial court's decision on his § 440 motion, and on

reconsideration, the state trial court held that Acevedo's § 440 motion was procedurally barred

because Acevedo could have raised it on direct appeal but had not done so.  *Id.* at 7.  As a result,

Judge Pitman concluded, "the issue with respect to the issuance of a [Certificate of

Appealability] is whether reasonable jurists would find the procedural bar debatable."  *Id.*  He

concluded that reasonable jurists would not find the procedural bar debatable, because "[t]he

Court of Appeals for the Second Circuit has expressly held that the prohibition in New York

Criminal Procedure Law Section 440.10(2)(c) precluding a defendant from making a collateral

attack in state court on the basis of claims that could have been raised on direct appeal is an

adequate and independent ground to deny federal habeas review." *Id.* at 7–8 (citing *Clark v. Perez*, 510 F.3d 382, 393 (2d Cir. 2008)) (footnote omitted).

The Reports stated that the parties were required to file any objections within 14 days, *i.e.*, by November 7, 2013. *See* Habeas Report 36, Appealability Report 9–10. On January 14, 2014, having received no objections, the Court adopted the Reports, thereby dismissing the habeas petition and denying Acevedo's request for a Certificate of Appealability as to the February 3, 2012 order. Dkt. 24.

On April 3, 2014, the Court received a letter from Acevedo requesting an extension of time to file objections to the Reports. Dkt. 26. Acevedo stated that he did not receive the Reports until November 15, 2013, because he was transferred from Five Points Correctional Facility to Clinton Correctional Facility Annex on November 13, 2013, and it took time for his mail to be transferred. *Id.* On April 16, 2014, the Court granted Acevedo until May 16, 2014 to object to the Reports. Dkt. 27.

On May 16, 2014, Acevedo timely objected to the Appealability Report. *See* Dkt. 30-31.

## II.     Applicable Legal Standards

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009) (citation omitted); *see also Edwards v. Fischer,* 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006).

Where specific objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).  To the extent that the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error.  *See Jones v. Smith*, No. 09 Civ. 6497 (PAE) (GAY), 2012 WL 1592190, at *1 (S.D.N.Y. May 7, 2012) (collecting cases). To trigger de novo review, a party's objections to a Report and Recommendation must be "specific and clearly aimed at particular findings" in the magistrate judge's report.  *Parlin Funds LLC v. Gilliams*, No. 11 Civ. 2534 (ALC) (MHD), 2012 WL 5258984, at *1 (S.D.N.Y. Oct. 23, 2012) (citation omitted).

## III.    Discussion

As to the first three claims, Acevedo does not state with specificity the basis for his disagreement with the Appealability Report.  Instead, he asserts, in conclusory fashion, that "reasonable jurists would find the merits of [the first three claims] debatable."  Dkt. 30 ¶ 4. Because this objection is conclusory, the Court reviews the portions of the Appealability Report pertaining to the first three claims for clear error.  Careful review reveals no clear error.  The portions of the Appealability Report pertaining to the first three claims are incorporated herein by reference and adopted without modification.

The fourth claim arises in a different posture.  As to this claim, Acevedo states that he agrees that it is "procedurally barred for judicial review in federal court . . . due to the fact that this claim should have been brought up on direct appeal by appellate counsel."  *Id.* ¶ 5.  Acevedo nonetheless requests a stay "so that [he] may properly exhaust [his] state remedies via a Writ of Error Coram Nobis" and then "amend the Habeas Corpus petition to reflect the exhaustion of all state remedies."  *Id.* ¶¶ 5–6.  Acevedo appears to argue that he had good cause for failing to

previously exhaust his DNA testimony claim: that he does not read, write, or speak English.  *Id.*

¶¶ 7–8.  Acevedo requests "a Certificate of Appealability and a stay."  *Id.* ¶ 9.

In order to grant Acevedo's request for a Certificate of Appealability, the Court would

have to hold that Acevedo (1) can properly exhaust his DNA testimony claim via coram nobis,

even though he is procedurally barred from raising such a claim on a § 440 motion, and (2) had

good cause for his delay in asserting the DNA testimony claim, *see Rhines*, 544 U.S. at 278.

The Court need not reach these issues, however, because Acevedo's request for a stay

fails for a different reason.  On January 14, 2014, the Court adopted the Habeas Report,

dismissing Acevedo's habeas petition.  Dkt. 24.  Although the Court later granted Acevedo a

retroactive extension of time to object to the Reports, *see* Dkt. 27, Acevedo ultimately objected

only to the Appealability Report.  Because there are no exhausted claims remaining in Acevedo's

habeas petition, there is no basis for the Court to retain jurisdiction over the petition, and a stay

would constitute an inappropriate retention of jurisdiction.  *See Pantoja v. N.Y. State Div. & Bd.*

*of Parole*, No. 11 Civ. 9709 (CS) (PED), 2013 WL 866869, at *6 (S.D.N.Y. Jan. 10, 2013)

*report and recommendation adopted*, 2013 WL 865905 (S.D.N.Y. Mar. 8, 2013) ("[B]ecause

this case does not involve a 'mixed' petition containing at least one exhausted claim, *see Rhines*,

544 U.S. at 275–78, this Court may not stay the proceedings to give the petitioner an opportunity

to exhaust his unexhausted claims."); *Shomo v. Maher*, No. 04 Civ. 4149 (KMK), 2005 WL

743156, at *7 n.12 (S.D.N.Y. Mar. 31, 2005) ("The Court has considered, but rejects, the

alternative of staying this action to permit Shomo an opportunity to exhaust his state remedies.

While a stay might permit Shomo the opportunity to exhaust his state claims without risk that his

petition would be time barred, there is no basis to retain jurisdiction over a petition that contains

only unexhausted claims.  Moreover, entering a stay in cases such as this would turn federal

courts into a jurisdictional parking lot for unexhausted claims and undermine the comity interests promoted by the exhaustion requirement." (citations omitted)).  Simply put, there is no habeas petition left to stay.

## CONCLUSION

The Court therefore denies Acevedo's request for a stay and his request for a Certificate of Appealability concerning Judge Pitman's February 3, 2012 denial of his request for a stay. These denials are without prejudice to Acevedo "to claim, if appropriate, that any subsequently filed petition would be timely as a matter of equity." *Shomo*, 2005 WL 743156, at *7 n.12.

The Clerk of Court is respectfully directed to terminate the motion pending at docket number 31 and to close this case.  The Court certifies that any appeal from this order would not be taken in good faith; therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).


SO ORDERED.

Paul A. Engelmayer
Paul A. Engelmayer
United States District Judge


Dated: September 17, 2014
       New York, New York

7